CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1870.

## JOSEPH KNOTT *v.* JAMES B. STEPHENS.

JOINDER OF REPRESENTATIVE OF DECEASED PARTNER.—Where two persons, who were partners in the business of fishing and selling fish, bargained for a block of land, gave their note to the defendant for the price, and took the defendant's bond for a deed on payment of the note, and paid one year's interest before the note fell due; and one of the partners having died, the other claiming to act as surviving partner, assigned the bond and the land to the plaintiff two years after the note fell due, no administration being had, and it being a disputed question whether the land was purchased for partnership purposes. In a suit by the assignee for specific performance, it was held that the question of fact whether the land was purchased for partnership purposes could not be ultimately settled, so as to bind the heirs of the deceased partner, in a suit where neither the heirs or the representatives of the deceased partner were made parties.

SPECIFIC PERFORMANCE—CERTAINTY.—If the representatives were parties, the question of fact might be determined in this suit, and all risk of that question removed by the decree. Fair dealing does not require the defendant to convey to the assignee of the survivor unless he had reasonable grounds of certainty on that question.

INCREASE IN VALUE.—Where no attempt is made to pay the purchase price, and obtain a deed until a considerable change has occurred in the value, and the defendant has made improvements, this has been held a sufficient ground for refusing relief.

THIS is a suit for the specific performance of a contract

for the sale of a block of land in the town of East Portland.

In March, 1866, Joseph Long and Wm. Foster bargained with the defendant, Stephens, for the land; paid him one hundred dollars and gave their promissory note for five hundred dollars, payable, with interest, two years from its date; and Stephens and his wife executed a bond in the sum of five hundred dollars, conditioned for the conveyance of the land on the payment of the note.

Long and Foster were then partners engaged in fishing and selling fish at Oregon City, and the evidence tends to show that they contemplated carrying on that business at some future time at East Portland, and that they intended to use the land in question in their business. On the twelfth of March, 1867, Long paid one year's interest, sixty-dollars, on the note, and in the fall of 1867 Long died, and it does not appear that any steps have been taken toward administering upon the estate of Long. On the twenty-eighth of June, 1870, said Foster, claiming to act both for himself and as surviving partner, assigned and transferred the land to this plaintiff for value. Joseph Long, or some one in his name, paid the taxes for the years 1866, 1867 and 1868 on the land, amounting to $8.50. The last payment being made in January, 1869. The note fell due March 10, 1868.

After Long's death, and before the note fell due, the defendant, Stephens, asked Foster what he intended about paying the note and taking the land. Foster replied that he did not know.

The defendant, Stephens, testifies that when the note fell due he called on Foster and asked him to pay the note; that Foster declined, saying that he had not the money. That a few weeks later he asked Foster again about the matter, and Foster said he did not care much about getting the land. That a year or more after that, he, Stephens, went to improving the land by driving piles. That the land was worth, when the bond was executed, about $600; about $1,-200 when Stephens went to improving it; and is worth now, with the improvements, about $3,000.

Mr. Foster testified that the note was never presented to him for payment. He did not deny but that payment had been requested, but denied having said that he did not care much about getting the land.

The evidence tends to show that no offer to pay the note was made until after the plaintiff took the assignment, and after the work of driving piles was in progress, and that the plaintiff who tendered payment acquired his interest after the defendant had made a large part of the improvements.

*W. W. Thayer*, for the plaintiff.

If there is a defect of parties, it has been waived by not demurring or setting it up by answer. (Code, page 156, sec. 70.)

Foster had a complete right to assign the entire interest in the land.

At common law the surviving partner had the legal right to the partnership effects, including real estate; though courts of equity regarded him as a trustee. (1 Paige Ch. 393; 3 *Ib.* 167; 6 Cowen, 441; Story on Part., sec. 344.)

Real estate acquired with partnership funds for partnership purposes, is treated in equity as personal property. (2 Sandf. Ch. 366; 24 N. Y. 505.)

The surviving partner may sell. (2 Sandf. Ch. 366.)

The bond was a chose in action. (1 Abbott Pr. 82; 2 Robt. 26.)

A partner has power to transfer. (25 N. Y. 315.)

Foster was the only party liable in an action on the note; he had a right to make this arrangement to satisfy the note. (5 Denio, 577.)

The heirs of Long could not be joined with Foster as defendants. (17 N. Y. 354.)

They should not be joined as plaintiffs.

Section 1,071 of the code, should not be construed to take away rights which the surviving partner had at common law. (1st Kent's Com. 464; 3 Hill, 272.)

*Stout & Burmister*, for the defendant.

The penalty is $500; is not this a case where the plaintiff has a remedy at law? (11 Paige, 352.)

1. Could Foster, as surviving partner, assign? Not having sought to administer or applied to the probate court. (Code, sec. 1,070, p. 417.)

2. This land never having been used in the partnership business, and it being doubtful whether the partners ever intended to so use it, the interest of Long's heirs cannot be disposed of in this suit.

3. Although it is not expressly shown on the face of the bond that time is of the essence of the contract, the circumstances show it. And the evidence not only shows unexplained delay and negligence, but leaves an unavoidable impression that Foster abandoned the contract, or at least waited for speculative purposes, and only came forward by his assignee after the land had risen in value, and had been improved at the cost of the defendant. (Story Eq. Jr. 771, 776; 6 Cal. 571; 14 Pet. 462; 10 Cal. 322; 1 John. Ch. 370.)

4. It is not a case of part performance. The plaintiff's assignor was never in possession.

The case was submitted on the pleadings and evidence for final decree.

UPTON, J. This case presents several difficult and perplexing questions. It is in many respects similar to cases where specific performance has been decreed; and yet it is very difficult, if not impossible, to come to the conclusion that the plaintiff is in a position to demand equitable relief. After a careful examination of the case I am constrained to say that I think there has never been a time since the making of the contract that it was clearly and unquestionably the duty of the defendant to execute a deed of the premises in question.

I shall not now undertake to pass upon the construction or effect of sections 1,069 to 1,074 of the statute relating to the estates of deceased persons. The circumstance that no steps were taken to administer upon the estate of Long, deceased, leaves an uncertainty in regard to the assignment to which it will be necessary to allude; an uncertainty which I think sufficient to render it doubtful whether it was safe

for the defendant to transfer the entire premises to the plaintiff. It is said the defendant knew the law and was bound to take notice of it at his peril. But if we assume (what the courts of this state have not yet decided), that the true construction of the statute is, that a surviving partner may at private sale transfer real estate or an interest in real estate purchased for partnership purposes, without an order of the probate court, and without giving the bond provided in the sections above mentioned; yet there is a question of fact included in the proposition. It is not shown that the defendant had any reason to suppose the land was intended for partnership purposes, or that any assurance or even notice had been given him that such was the case or that Foster had power to act for the heirs or representatives of Long. Nor does it appear now that there is certainty in regard to the land being purchased for partnership purposes, or in regard to Foster's having power to sell.

In this proceeding we must look upon the bond, not merely as an obligation to pay a given sum of money, but as an agreement for the sale of land; otherwise specific performance could not be decreed under any circumstances, but the plaintiff would be driven to his action to recover the money. The evidence shows that the condition of the bond had not been broken by the defendant when the assignment was made. It was not simply a *chose in action* to be transferred as personal property, but the object of the assignment was to transfer an interest in land.

If it should be decided in this case that the land was bargained for or held as partnership property, the heirs of Long, not being parties to this proceeding, would not be barred by the decree in this case from showing hereafter that it was not so held, or from showing that their interest was not subject to be transferred by the surviving partner, under this statute or at common law. The evidence that the land was bargained for or held for partnership purposes, is meager and far from conclusive. It is not shown that that point is or can be rendered certain, except by a judgment or decree.

Unquestionably the plaintiff is not entitled to a decree for specific performance, unless at the time of the demand, it was the duty of the defendant to execute to the plaintiff a deed of the entire premises as demanded; nor do I think that fair dealing would have required the defendant to convey unless he had reasonable grounds of certainty that he was dealing with the real parties in interest; and I do not think that a court ought to enforce specific performance, if that would place upon the defendant an unreasonable risk.

If the representatives of Long were parties in this proceeding, the question of fact might be finally determined in this suit, and that source of uncertainty would thus be removed. But as the case now stands, the sufficiency of the assignment must remain an open question, because the heirs of Long are not parties to this suit.

It appears to me that this is not a mere question of practice as to the non-joinder of parties; but a failure to establish one of the material facts upon which the plaintiff founds his claim to equitable relief. That is, a failure to show with that degree of certainty which equity requires, before decreeing specific performance, that the parcel of land was purchased and held for partnership purposes.

It appears that no attempt was made to pay the purchase price and obtain a deed, until a considerable change had occurred in the value of the property, and the defendant had made improvements of some value. This has been held a sufficient ground for refusing relief. (Story's Eq. Jr., ss. 771, 776.)

I do not feel called upon to decide the disputed question of fact, as to whether or not Foster expressly abandoned the idea of obtaining the land before making the assignment.

Upon the other grounds above stated, I think it would not be proper to decree specific performance, and that the bill should be dismissed.